UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Case No. 2:07-mc-40-FTM-29SPC |
| | : |
| CASEY L. PAUL, | : |
| | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

The United States petitioned the Court seeking enforcement of an Internal Revenue Service administrative summons issued to aid in the collection of Respondent's tax liabilities for the years 1984, 1985, 1986, 1999, 2000, 2001, 2002, 2003, and 2004.  In response to this Court's[*] Order to Show Cause why he should not be compelled to comply with the summons, Respondent asserted that the summons violated the First, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments of the Constitution of the United States of America, as well as Article 11, Sections 2, 4, 12, and 18, of the constitution of the republic of the Florida State; Respondent demanded a more definite statement identifying any tax statute requiring a sovereign American to file any tax return or pay any tax liability; and Respondent cited Schulz v. Internal Revenue Service, 413 F.3d 297 (2d Cir. 2005); Economy Plumbing & Heating Co. v. United States, 470 F.2d 585 (Ct. Cl. 1972); Botta v. Scanlon,

---

[*]This action was referred to the undersigned pursuant to Local Rule 6.01(c)(11).

288 F.2d 504 (2d Cir. 1961); and Long v. Rasmussen, 281 F. 236 (D. Mont. 1922).  At the show cause hearing on January 28, 2008, Respondent also asserted that he was not liable for income tax because he was not, and had not been, an employee of the Federal government and that when he signed the income tax returns on which the assessed tax liabilities were based he was unaware he was signing under oath.

To obtain judicial enforcement of an Internal Revenue Service summons, the United States must show: (1) the summons was issued for a proper purpose, (2) the material sought is relevant to that purpose, (3) the information sought is not already within the Commissioner's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed.  United States v. Powell, 379 U.S. 48, 57-58 (1964); LaMura v. United States, 765 F.2d 974, 979 (11th Cir. 1985).  The United States can satisfy the Powell requirements, as was done here, simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts.  LaMura v. United States, 765 F.2d at 979.  Once the United States makes this showing, the burden shifts to the party contesting the summons to either disprove at least one of the Powell requirements or convince the Court that the judicial enforcement would constitute an abuse of the Court's process.  LaMura v. United States, 765 F.2d at 979.  At all events, the burden on the party contesting the summons is a heavy one which requires allegations of specific facts and the introduction of evidence.  United States v. Leventhal, 961 F.2d 936, 940 (11th Cir. 1992).

The United States has satisfied the Powell requirements, and Respondent has raised no valid defense to enforcement of the summons.  Despite listing sections of the United States Constitution, as well as the constitution of the republic of the Florida State, allegedly violated by the issuance of

2

the administrative summons, and citing inapplicable case law, Respondent failed to rebut any part of the United States' prima facie case and failed to demonstrate that enforcement of the summons would be an abuse of this Court's process. At all events, a summons which complies with the Powell requirements, as does the summons at issue here, passes Constitutional muster. United States v. McAnlis, 721 F.2d 334, 337 (11th Cir. 1983). Further, although Respondent claims he is not within the classes of persons subject to pay income tax, the Internal Revenue Service, in summoning Respondent, was fulfilling its statutory duty to enquire with respect to persons who may be liable for the payment of taxes. United States v. McAnlis, 721 F.2d at 336-337. In sum, Respondent has not refuted the United States' factual or legal arguments and has not convinced this Court that enforcement of the summons would constitute an abuse of the Court's process.

Accordingly, it is

**RESPECTFULLY** RECOMMENDED:

1. The United States' Petition to Enforce Internal Revenue Service Summons be granted.

2. Respondent be directed to appear before Revenue Officer Jacquelyn Perron, or her designee, at 2891 Center Pointe Drive, Suite 100, Fort Myers, Florida, within 30 days of the District Court's review of this Report and Recommendation, and at that time fully comply with the terms, provisions, and commands of the summons previously served on him, a copy of which is attached as Exhibit 2 to the Petition.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Fort Myers, Florida, on February  6th , 2008.



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

c: All Parties of Record
Patricia A. Willing, AUSA