FILED

2008 MAR -5  AM 11: 29

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

   Petitioner,

v.                Case No. 2:07-mc-40-FTM-29SPC

CASEY L. AND DEBORAH C. PAUL

   Respondent.

## Respondent's Petition to the Court

Casey L. and Deborah C. Paul (here after Respondents) respectfully petition this honorable court for findings of facts and conclusions of law in the above numbered case, and respectfully requests the court to protect Respondent's Constitutional right to fair and honest government. The government in the instent case has violated Respondent's Constitutional protected right to be free from government selective prosecution.

1. The IRS agency summons in Respondent's case, (See attached exhibit A, which is a copy of that summons), is the same as the IRS summons in United States v. Robert Lawrence Case No. 06-10091 in a Peoria Illinoise central district Federal Court, (See attached Exhibit B), in which the government requested the court dismiss all 6 counts with prejudice, because a IRS summons does not have the required OMB number as required under 44 USC § 3512.

2. 44 USC § 3500 - § 3520, also known as the "Paperwork Reduction Act"

(PRA) in section 3512, titled "Public Protection" states "no person shall be subject to any penalty for failing to comply with an agency's collection request (such as a summons or 1040 form), if the request does not display a valid control number assigned by the Office of Management and Budget (OMB) in accordance with the requirements of the Act, or if the agency fails to inform the person who is to respond to the collection of information that he is not required to respond to the collection of information request unless it displays a valid controll number." Respondent's argued that the summons in question did not have the statutorily required OMB number but the government failed to address this part of Respondent's argument. How can the government in response to the Lawrence Case OMB argument, request that the court dismiss his indictment with prejudice, and ignor the same OMB argument in Respondent's case?

3. In Section 3512 Congress went on to authorize that the protection provided by § 3512 may be raised in the form of a compete defense at any time during an agency's administrative process (such as an IRS Tax Court or Collection and Due Process Hearing) or during a judicial proceeding (as in Lawrence's and Respondent's cases). Can the government grant Lawrence the § 3512 protection it did in his case and not the same § 3512 statutory protection in Respondent's case? Also see United States v. Cochran, 883 2d 1012, 1015 (11th Cir. 1989) in which the government conceded that the district court improperly ordered Appelant to pay restitution, and his entire sentence must be vacated and remanded for resentencing.

In light of the afore mentioned Respondent's respectfully request the honorable court to dismiss its previous REPORT AND RECOMMENDATION, because their government agency IRS Summons failed to show it had ment 44 USC § 3512's OMB requirements.

Respectfully Submitted,

Casey L. Paul, pro-se

*[signature]*

and

Deborah C. Paul, pro-se

*[signature: Deborah C Paul]*

## Certificate of Service

I hereby certify that on February 18, 2008, I placed in U.S. Mail a copy of the foregoing to the following:

Casey L. Paul, pro-se

9600 Shadow Oak Ln.
North Ft. Myers, FL 33917

1. ROBERT E. O'NEILL
   UNITED STATES ATTORNEY
   ASSISTENT UNITED STATES ATTORNEY BAR No. 340251
   400 NORTH TAMPA STREET, SUITE 3200
   TAMPA, FL 33602

2. JACQELYN PARRON
   REVENUE OFFICER
   2891 CENTER POINT DR. SUITE 100
   FT. MYERS, FL 33916

3. CLERK OF COURT
   CLERK, CHARLEY GREEN
   P.O. BOX 2469
   FT. MYERS, FL 32301

4. SHERL POLSTER CHAPPLE #6-186
   UNITED STATES MAGISTRATE JUDGE
   2110 FIRST STREET
   FT. MYERS, FL 33901-3080