# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-                                        Case No.  2:11-cv-440-FtM-36SPC

CASEY L. PAUL,

                Defendant.

_____

## ORDER

This matter comes before the Court on the Petitioner, the United States of America's Motion to Hold Respondent Casey L. Paul in Contempt (Doc. #20) filed on July 18, 2011.

District Courts have inherent power to enforce compliance with orders through civil contempt. U.S. v. Bosset, WL 2433449 *2 (M.D. Fla. May 16, 2008) (citing Shillitani v. U.S., 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L.Ed.2d 622 (1966)). In the Eleventh Circuit, the party moving for contempt bears the burden of establishing by "clear and convincing" evidence that the underlying order was violated. Bosset, WL 2433449 *2 (citing Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir.1990)). This clear and convincing proof must demonstrate that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged contemner had the ability to comply with the order. McGregor v. Chierco, 206 F.3d 1378, 1383 (11th Cir.2000).

If the moving party makes a *prima facie* showing that a party subject to a court order has violated that order, the burden shifts to that party to produce evidence explaining its noncompliance. Bosset, WL 2433449 *2 (citing Citronelle–Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991) (citing U.S. v. Rylander, 460 U.S. 752, 755, 103 S. Ct. 1548, 75 L. Ed.2d 521

(1983)). Parties subject to a court's order demonstrate a present inability to comply "only by showing that they have made in good faith all reasonable efforts to comply.' " <u>Bosset</u>, WL 2433449 *2 (citing <u>Citronelle–Mobile Gathering, Inc.</u>, 943 F.2d at 1301. Due process requires that the court inform the alleged contemner of the contemptuous conduct and provide a hearing to allow the contemner to explain why the court should not make a contempt finding. <u>Bosset</u>, WL 2433449 *2.

Further, in fashioning a remedy or sanction for civil contempt, the court has broad discretion, "measured solely by the 'requirements of full remedial relief.'" <u>U.S. v. City of Miami</u>, 195 F.3d 1292, 1298 (11th Cir.1999) (Quoting <u>Citronelle–Mobile</u>, 943 F.2d at 1304): *see also* <u>McGregor</u>, 206 F.3d at 1385 n. 5 (explaining that civil contempt sanctions may serve to either coerce compliance with a court order or compensate a party for losses caused by contemner's failure to comply). In so doing, the Court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanctions in bringing about the result desired." <u>Bosset</u>, WL 2433449 *3 (citing <u>U.S. v. United Mine Workers</u>, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *see also* <u>Citronelle–Mobile</u>, 943 F.2d at 1304. Appropriate sanctions may include a coercive daily fine, a compensatory fine, attorney's fees and costs, or coercive incarceration. <u>Bosset</u>, WL 2433449 *3 (citing <u>Citronelle–Mobile</u>, 943 F.2d at 1304).

The Petitioner issued an IRS Summons on February 21, 2007, directing the Respondent Casey Paul to appear before the Revenue Officer on March 13, 2007, to give testimony and to produce for examination and copying specified books, record, papers, or other data, as requested in same. The Respondent failed to appear and comply with the Summons.

On October 7, 2007, the Petitioner filed a Petition (Doc. # 1) requesting the Court to enforce the Summons. This Court issued a Report and Recommendation (R & R) granting the Petition

which the District Court subsequently adopted. (Doc. # 15).  The Court directed the Respondent to comply with the Summons and appear before the Revenue Officer on April 4, 2008.  The Respondent appeared but did not produce any of the requested documents and failed to comply with the Summons.

The Respondent was given another opportunity to comply with the Summons on July 23, 2010.  Instead of complying with the Summons, on July 21, 2010, the Respondent faxed Revenue Officer Perron a letter inquiring whether the Summons complied with the Paper Reduction Act.  The Respondent had previously been informed by this Court that the IRS Summons does comply with the Paper Reduction Act.

The Court issued an Order to Show Cause (Doc. # 21) on July 21, 2011, directing the Respondent to show cause why he has failed to comply with the Court Order requiring him to comply with the Summons.  The Respondent replied that he could not be held in contempt pursuant to Schulz v. Internal Revenue Service, 413 F. 3d 297 (2d Cir. 2005).  The Respondent argues that Schulz stands for the proposition that there are no penal consequences for failure to comply with a IRS summons.  The Respondent's reliance on Schulz is misplaced.  The Schulz Court held that "disobedience to an [IRS summons] has no penal consequences [under either 26 U.S.C. §§ 7210 or 7604] until a judge has ordered its enforcement." 413 F. 3d at 301.  In this case, the District Court ordered (Doc. # 25) the Summons enforced on March 4, 2008.

As a result of the Respondent's refusal to comply with the Court's order, the Court directed the Respondent to appear in person and show cause why he should not be held in contempt.  A show cause hearing on the Contempt Motion was held before the undersigned on September 7, 2011.  The

United States was represented by AUSA Kyle Cohen.  IRS Revenue Officer Jacquelyn Perron was also present on behalf of the Petitioner.  The Respondent Casey Paul appeared *pro se*.

Based upon the argument presented at the hearing and the Parties Memoranda of Law the Court informed the Respondent that the Petitioner the United States had met its burden and the Court would recommend that the Respondent be held in contempt.  In response, the Respondent agreed to meet with Revenue Officer Perrone in her office on September 14, 2011 at 9:00am.  Thus, the Court will hold in abeyance its decision regarding the Motion for Contempt until September 14, 2011. The Respondent is cautioned that failure to comply and appear as directed may result in his being held in contempt which can result in monetary fines and incarceration.Accordingly, it is now

**ORDERED:**

The Court will **RESERVE RULING** on the Petitioner, the United States of America's Motion to Hold Respondent Casey L. Paul in Contempt until September 14, 2011.

(1) The Respondent Casey L. Paul is hereby directed to appear before Revenue Officer Jacquelyn Perron at her office located at 4210 Metro Parkway, Fort Myers, FL 33916 on **Wednesday, September 14, 2011, at 9:00am**. to give testimony and to produce for examination and copying specified books, record, papers, or other data, as requested and fully comply with the IRS Summons.

(2) Failure to comply with this Order will result in the Court recommending that the Respondent Casey L. Paul should be held in Contempt.

(3) The Petitioner the United States of America is hereby directed to inform the Court whether or not the Respondent complied with the Court's Order and appeared by Thursday, September 15, 2011.

(4) The Clerk of the Court is hereby directed to terminate the pending Motion to Hold Respondent Casey L. Paul in Contempt (Doc. #20).

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of September, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record